IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number: 09-CV-01000-WYD-MEH

RICHARD MADDOX,
CONSERVATOR OF THE ESTATE AND AFFAIRS OF VIRGINIA MADDOX

Plaintiff,

v.

STEPHEN VENEZIO

DEFENDANT'S MOTION TO REQUIRE COST BOND

Defendant, Stephen Venezio., through his attorneys, Bayer & Carey, P.C., comes forth and moves the Court as follows:

1. Counsel for the defendant has conferred with counsel for the plaintiff regarding this motion. The motion is opposed.

2. Plaintiff is a resident of Maryland while defendant is a resident of Colorado.

3. This District Court has the inherent authority to require security for costs. Radoshevich v. Central Bank, 117 FRD 434 (D. Colo. 1987).

4. Radoshevich also holds that the district court is to follow the forum state's practice regarding cost bonds, which in this case, is C.R.S. § 13-16-101 and § 13-16-102.

5. Other authority suggests that pre-judgment cost bonds in federal court are within the discretion of the trial court. See Paramount Film Distrib. Corp. v. Civic Ctr. Theatre, 333 F.2d 358 (10th Cir. 1964).

6. C.R.S. § 13-16-101 requires all nonresident plaintiffs to file a cost bond, such as the plaintiff in this matter. This is not discretionary. Defendant urges the court to apply, or at least consider, C.R.S. § 13-16-101 in resolving this motion.

7. Generally, this court has followed C.R.S. § 13-16-101 and § 13-16-102 in compelling out of state plaintiffs to file a cost bond. In re Wilson, 2009 U.S. Dist. LEXIS 42046 (D. Colo. 2009) (ordering that a one million dollar cost bond be posted).

8. Factors which a court may consider in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs incurred by defendant in preparing a defense. See Wilson, Supra.

9. Here, application of the above three factors suggest that plaintiff should be required to post a bond in the amount of $20,000.

10. First, plaintiff's claim is dubious. Plaintiff claims injuries as a result of being struck by defendant's vehicle. However, plaintiff would not have been so struck had she not been in clear violation of C.R.S. § 42-4-803(1), a statute which makes jaywalking unlawful. Second, defending this case will require the expenditure of significant funds. The defense will require the retention of both medical experts and accident reconstruction experts. It is anticipated that the associated fees incurred by the defense related to the retention of these experts alone will reach $20,000.

11. Here, the facts and evidence heavily weigh in favor of the imposition of a cost bond. As such, it is respectfully requested that the court require plaintiff to post a $20,000 cost bond with the court within 30 days of the date of the order.

Dated: August 26, 2009

                                              Respectfully submitted,

                                              BAYER & CAREY, P.C.

                                              s/ Gary L. Palumbo
                                              Gary L. Palumbo, No. 6824
                                              1660 Downing Street
                                              Denver, Colorado  80218
                                              (303) 830-8911

## CERTIFICATE OF E-FILING

I HEREBY CERTIFY that on this 26th day of August 2009, a true and accurate copy of the foregoing **DEFENDANT'S MOTION FOR COST BOND** was e-filed through the United States District Court with service by the Court to counsel below:

Jim Leventhal, ESq.
Molly L. Greenblatt, Esq.
Leventhal, Brown & Puga, P.C.
950 S. Cherry Street, Suite 600
Denver, Colorado 80246

s/Beth McGee
_____
Beth McGee