IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01000 WYD-MEH

RICHARD MADDOX,
CONSERVATOR OF THE ESTATE AND AFFAIRS OF VIRGINIA MADDOX,

    Plaintiff,

vs.

STEPHEN VENEZIO,

    Defendant.

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### TO REQUIRE COST BOND

---

Plaintiff Virginia Maddox, through her Conservator, Richard Maddox, and by counsel of record, Leventhal, Brown & Puga, P.C., hereby responds to Defendant's Motion to Require Cost Bond (Doc. #22) and respectfully represents as follows:

### Synopsis

Defendant has moved this Court to require Plaintiff to post a cost bond in the amount of $20,000.00. Plaintiff requests that no cost bond be required for Plaintiff to maintain this action. Colorado's cost bond statute is procedural in nature and not controlling in federal court pursuant to the *Erie* doctrine. By applying the analysis set forth in *Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F.Supp.2d 1255, 1256 (D. Colo. 1999), it is clear that a cost bond is not warranted in this case.

## Argument

1.  The Federal Rules of Civil Procedure make no provision for the posting of cost bonds, and the District of Colorado has not promulgated any local rule governing such bonds.

2.  Plaintiff does not agree with Defendant's statement in his motion that "[g]enerally, this Court has followed C.R.S. § 13-16-101 and § 13-16-102 in compelling out of state plaintiffs to file a cost bond." (*See Defendant's Motion to Require Cost Bond*, p. 2 at para. 7).[1] This Court has consistently declined to hold that the Colorado state statute regarding nonresident cost bonds must be followed in federal district court. *See Piallat v. Replogle,* 125 F.R.D. 165, 166 (D. Colo. 1989) (whether to require posting of cost bond is discretionary); *Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F.Supp.2d 1255, 1256 (D. Colo. 1999).

---

[1] Notably, on May 21, 2009, Governor Ritter signed House Bill 09-1305 which substantially changes the cost bond statutory scheme in Colorado. These changes went into effect on September 1, 2009. The Act amending the Colorado cost bond scheme was driven by the overarching desire of providing open access to the Courts and "to insure that access to the Courts is not unreasonably denied." (C.R.S. § 13-16-101 and C.R.S. § 13-16-102 as amended are attached hereto as **Exhibit 1**.) There are several major changes to the non-resident cost bond scheme. First, a cost bond may only be ordered if the court does not believe that the plaintiff is able to pay the costs of suit. The amended Colorado statute states that a cost bond can only be ordered if the court "is satisfied that the non-resident plaintiff is unable to pay the costs of suit." In the event that the court is satisfied that the non-resident plaintiff is unable to pay the costs of suit, then the court "*may*" order the non-resident to post a cost bond. *See* § 13-16-102, Colo. Rev. Stat. (2009 Colo. Sess. Laws ch. 311, § 2) (emphasis added). That is, under the amended Colorado statute a nonresident is not automatically mandated to post a cost bond. The court must first find that the nonresident plaintiff is unable to pay the costs of suit and, in that event, the court *may* then require a cost bond. Furthermore, where the court finds that the nonresident plaintiff is unable to pay the costs of suit and decides to order a cost bond, the amount of the cost bond must not exceed $5,000.00: "To ensure that access to the courts is not unreasonably denied, a court shall not require an instrument in writing for the payment of costs in suit in excess of $5,000.00." *See* § 13-16-102, Colo. Rev. Stat. (2009 Colo. Sess. Laws ch. 311, § 2).

3. In *Hartnett,* the Court noted that § 13-16-102 of the Colorado Revised Statutes was procedural in nature, and the policies underlying *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), do not militate in favor of applying the Colorado statute in federal district court. *Hartnett, supra*, 47 F.Supp.2d at 1256.

4. Therefore, the state statutory requirement for a nonresident plaintiff to post a cost bond is simply not applicable in a federal diversity case such as this. Rather, it is completely discretionary whether to request a cost bond from the Plaintiff. The factors which the Court may consider in determining whether to request a cost bond from the Plaintiff include: 1) the merits of Plaintiffs' claims; 2) the ability or willingness of Plaintiff to pay any costs which may be assessed; and 3) substantial costs which might be incurred by Defendant during preparation for trial. *Id.* at 1256.

5. Defendant attempts to rely on these factors in his Motion. (*See Defendant's Motion to Require Cost Bond*, p. 2 at para. 10). However, Defendant's reliance is tenuous at best.

6. First, Defendant makes the conclusory statement that Plaintiff's claim is "dubious" and refers to § 42-4-803(1), Colo. Rev. Stat. (2008) as authority for his position. That section defines a traffic infraction for pedestrians "[c]rossing at other than crosswalks." Importantly, however, Defendant has failed to provide any evidence in support of his conclusory statement. The Motion does not demonstrate the existence of comparative negligence as a bar to Plaintiff's personal injury claim in this case. Even a pedestrian who is not properly in a crosswalk is not necessarily negligent. Such failure must also have been a cause of the pedestrian's injuries. *See* CJI-Civil 11:4, Notes on Use 1 (citing *Radetsky v. Leonard*, 145 Colo. 358, 358 P.2d 1014 (1961)).

7. Defendant is also aware, but fails to inform the Court that the Complaint filed by the Plaintiff specifically plead that Defendant, while driving his car, did not see Virginia Maddox before striking her, as he was busy looking down at the passenger seat at a newspaper that was being tousled around. (*See* **Exhibit 2**, Plaintiff's Complaint and Jury Demand, para. 7-10). Under Colorado law, a driver such as Defendant must maintain a proper lookout to see what that driver could and should have seen in the exercise of reasonable care. *See* CJI-Civil 11:1 (2009). Thus, Defendant makes no showing that Plaintiff's claim does not have merit and has not addressed any substantive issue to suggest that Plaintiff's claim lacks merit.

8. Second, Defendant has made no showing that Plaintiff has neither the ability nor the willingness to pay costs in the unlikely event that Defendant prevails in this matter.

9. Third, Defendant cites *In re Wilson* to support his position that the Court must require a cost bond because he will incur substantial costs in preparing a defense. However, that case is clearly distinguishable. *In re Wilson* involved over 350,000 pages of discovery, significant costs in excess of $2.5 million, and allegations by one party that the costs were a "direct result of "respondents' own counsel's mis- and mal-feasance." *In re Wilson*, 2009 U.S. Dist. LEXIS 42046, *24 (D. Colo. Apr. 30, 2009). The Magistrate Judge in that case ultimately found that "since further disputes over the amount of costs appear inevitable, a bond to cover the [Plaintiff's] share of the costs as previously ordered is appropriate and advisable." *Id.* at *25-26. Unlike the protracted and vexatious litigation described in *In re Wilson*, the personal injury claim in this case was only recently brought on behalf of Plaintiff by Richard Maddox, as Conservator for Virginia

Maddox, after Ms. Maddox was permanently injured as a result of the complained of negligence of the part of Defendant in connection with the alleged motor vehicle / pedestrian collision that occurred on or about December 15, 2007.

10. Moreover, pursuant to Colorado law, guardians are not required to use their own personal funds for a ward's expenses. *See* § 15-14-316(2), Colo. Rev. Stat. (2008). Richard Maddox has previously been appointed Guardian and Conservator for Virginia Maddox in Maryland, because she was found to be incompetent and unable to represent her own interests. (*See* **Exhibit 3**, Letters of Guardianship). Contrary to Defendant's belief, there is no rule that makes Richard Maddox personally responsible for Defendant's litigation costs when he is not the real party in interest, but is acting as a guardian and conservator on behalf of the Plaintiff, Virginia Maddox's estate.

11. In addition, the parties have just recently exchanged their F.R.C.P. 26(a)(1) disclosures. Plaintiff has disclosed copies of the accident report, witness statements, medical records and medical bills, all of which fit in one three ring binder. Unlike *In re Wilson*, this is not a case in which voluminous discovery will be required or significant costs will be incurred by Defendant during preparation for trial.

12. Hence, Defendant has failed to meet his burden of proof to show that the *Hartnett* factors justify ordering a cost bond in this case.

## Conclusion

For the reasons stated above, Defendant's Motion to Require Cost Bond should be DENIED.

Respectfully submitted this 1st day of September, 2009.

LEVENTHAL, BROWN & PUGA, P.C.

By: /s/ Molly L. Greenblatt
Jim Leventhal
Molly L. Greenblatt

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of September, 2009, a true and accurate copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE COST BOND was e-filed through the CM/ECF system, with service by the United States District Court to counsel below:

Gary L. Palumbo, Esq.
Bayer & Carey, P.C.
1660 Downing St.
Denver, CO  80218

*/s/ Linnzie King*