IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number:  09-CV-01000-WYD-MEH

RICHARD MADDOX,
CONSERVATOR OF THE ESTATE AND AFFAIRS OF VIRGINIA MADDOX

Plaintiff,

v.

STEPHEN VENEZIO

## DEFENDANT'S REPLY RE: MOTION TO REQUIRE COST BOND

Defendant, Stephen Venezio., through his attorneys, Bayer & Carey, P.C., comes forth and replies as follows:

## INTRODUCTION

Venezio satisfied his initial burden of demonstrating to the court the necessity of Maddox filing a cost bond in this case, in order to preserve Venezio's opportunity to recover his extensive defense costs at the conclusion of this matter.  Maddox's response fails to demonstrate that a cost bond is not appropriate here.  As such, and as equity requires, the court should require Maddox to post a $20,000 cost bond based on her non-resident status.

## ARGUMENT

### Reliance on C.R.S. §§ 13-16-101 and 13-16-102

This court is not unequivocally required to rely upon Colorado state law, codified at C.R.S.§§ 13-16-101 and C.R.S. 13-16-102, in resolving this motion.  However, what Venezio argued

and what Maddox did not refute, is that often, this court does indeed refer to those two statutory provisions in determining whether it will require the posting of a cost bond.

Radoshevich v. Central Bank, 117 FRD 434 (D. Colo. 1987) was the first legal precedent to consider and apply the Colorado state cost bond statutory scheme in deciding to impose a cost bond in a federal action. In re Wilson, 2009 U.S. Dist. LEXIS 42046 (D. Colo. 2009), the most recent case concerning this issue, and in citing Radoschevich, did the same thing. *See* Wilson at *23-24. Accordingly, although resolution of this issue is left to the sound discretion of the court, the court is empowered to consider the state statutory scheme *in place at the time Maddox filed suit*.[1]

In her response, Maddox refers to House Bill 09-1305. Admittedly, that legislative amendment modified the *mandatory* component of C.R.S. §§ 13-16-101 and 102. But what Maddox discreetly omits from her briefing is that such modification only applies to cases filed on or after September 1, 2009.[2] Here, Maddox filed her complaint long before September 1, 2009, and consequently, urging the court to rely on a legislative modification that is explicitly inapplicable is disingenuous. If the court, in its discretion, considers the state statutory scheme related to cost bonds in resolving this motion, it should apply the statute that was in effect at the time Maddox filed her complaint, as opposed to a legislation modification that has no applicability to cases filed prior to September 1, 2009.

## Discretionary Factors to Consider in Resolving this Motion

What federal law in this district makes clear is that in determining whether to impose a cost bond requirement upon a litigant, a court *may* consider three factors: (1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs incurred by defendant in preparing a defense. *See* Wilson, *Supra.*

*First Factor*

---

1 As explained *infra*, the legislative modification to § C.R.S. 13-16-101 and 102, relied upon by Maddox, is misleading and inapplicable on its face, which Maddox failed to accurately convey to the court.
2 See Exhibit 1 at page 3.

First, pursuant to case law in this district, imposition of a cost bond is appropriate based on the dubious merits of Maddox's claim. Maddox's claims lack merit, given the fact that she has filed suit, alleging negligence, despite the fact that the subject accident would not have occurred had she not been illegally standing in the middle of a road, far outside of any crosswalk, when she was struck. Maddox's actions, as pled in Venezio's Answer, were in violation of C.R.S. § 42-4-803(1), a statute which makes jaywalking unlawful. As evidenced from the police report, attached hereto as *Exhibit 2*, Maddox was illegally in a busy road, at 5:15 p.m. during the height of rush-hour traffic, when she was struck by Venezio's automobile. Pages 2 and 3 of the police report expressly confirm that fact.[3] But despite that fact, Maddox chose to sue Venezio. Because Maddox's claim is dubious at best, the court should impose a cost bond. Venezio has satisfied his burden of proving <u>Wilson</u> factor number one.

*Second Factor*

Second, imposition of a cost bond is appropriate here because, pursuant to <u>Wilson</u>, Maddox is unwilling to pay any assessed costs against her, and because she has failed to satisfy her shifted burden of offering evidence suggesting she is capable of paying such costs.

In responding to the underlying motion, Maddox wholly failed to attach any credible evidence, including pay stubs, tax returns, or bank statements, which would have supported the position that she is capable of paying costs potentially assessed against her at the conclusion of this matter. The fact that Maddox expended time and energy in researching inapplicable Colorado legislative enactments in support of her position, yet failed to offer any piece of evidence suggesting she is financially capable of paying assessed costs, underscores the fact that she simply is unable to pay such costs.[4] Maddox has not met her shifted burden of proof of demonstrating that she maintains the ability to cover costs potentially assessed against her, thereby providing this court additional justification for granting the underlying motion.

---

3 See Exhibit 2.
4 Nor has any such evidence been produced either through mandatory disclosure requirements or discovery responses.

Additionally, and pursuant to <u>Wilson</u>, Maddox has not provided Venzio with any assurance or "willingness" to pay potential costs assessed against her at the conclusion of this case.[5] <u>Wilson</u>, among other cases, makes it clear that a cost bond should be imposed if the plaintiff is unwilling to pay costs assessed against him or her. *See* <u>Wilson</u> at *23. Here, Maddox refuses to acknowledge any willingness to pay any costs assessed against her, therefore justifying the imposition of a cost bond in fairness to Venezio.

*Third Factor*

Finally, the imposition of a cost bond here is appropriate in light of the uncontested extensive costs Venezio will incur in defending against Maddox's dubious claim. The costs associated with the retention of medical and accident reconstruction experts alone is expected to exceed $20,000, a fact which Maddox does not dispute. It is manifestly unfair to impose the burden upon Venezio of absorbing such extensive costs in defending himself against weak claims, without the corresponding burden imposed upon Maddox in providing security by way of a cost bond, which would allow Venezio to later recoup said costs. Again, based on the tremendous costs the defense will incur, the court is empowered to impose a cost bond requirement upon Maddox.

The court has the discretion of applying some or all of the aforementioned three factors in resolving this motion. As is clear, application of each factor weighs heavily in favor of requiring Maddox to post a cost bond in this case. Moreover, such an order promotes equity and fairness to the parties. Since Venezio has been placed in the unfortunate position of having to spend a large amount of money to defend himself against dubious claims, fairness requires that he be provided some security in knowing he has at least an opportunity to recoup those costs at the conclusion of this matter.

---

5 "Willingness" to pay a cost bond is also a factor for the court's consideration, pursuant to <u>Hartnett v. Catholic Health Initiative Mountain Region</u>, 47 F.Supp.2d 1255 (D. Colo. 1999); <u>Piallat v. Replogle</u>, 125 F.R.D. 165 (D. Colo. 1989). Maddox cites both cases in her response.

**C.R.S. § 15-14-316(2) is Inapplicable**

Maddox inappropriately relies upon C.R.S. § 15-14-316(2) for the position that conservator Richard Maddox is not responsible for defendant's litigation costs. *See Maddox's response at page 5.* First, it should be noted, the posting of a cost bond is a litigation expense incurred by Maddox, not Venezio. If Maddox and her representative were unwilling and reluctant to bear responsibility for potential assessed costs, they should not have initiated this lawsuit.

C.R.S. § 15-14-316(2), by its express terms, applies *only* to guardians. As is clear from *Exhibit 3* of Maddox's response, Robert Maddox was appointed *conservator* of the estate of Virginia Maddox – that's it. There is not a single reference to the word "guardian" in that document relied upon by Maddox in her response. But despite that clear and significant fact, Maddox, in her response, misleadingly claims "Richard Maddox has previously been appointed Guardian and Conservator for Virginia Maddox." The improper inclusion of the word "guardian" was obviously used as an attempt to implicate C.R.S. § 15-14-316(2).

A simple review of *Exhibit 3* of Maddox's response undercuts her argument, as nowhere therein is Richard Maddox appointed a guardian for Virginia Maddox. In Colorado, a conservator and guardian are not synonymous, as each term carries with it independent definitions.[6] Moreover, even for C.R.S. § 15-14-316(2) to have any applicability here, Maddox sustains the burden of proving the existence of a "ward," pursuant to the mandates of that statute.[7] A "ward" is a person for whom a guardian has been appointed.[8] Here, Maddox has not produced any court filing suggesting that a guardian, as opposed to a conservator, has been appointed on behalf of her. Accordingly, the court should lend no credence to Maddox's improper and misleading reliance on C.R.S. § 15-14-316(2) in resolving this motion.

WHEREFORE, Venezio reasserts his request that the court require Maddox to post a $20,000 cost bond with the court within 30 days of the date of the order.

---

6 See C.R.S. § 15-14-102.
7 See C.R.S. § 15-14-316(2).
8 C.R.S. § 15-14-102(15).

Dated:  September 4, 2009

Respectfully submitted,

BAYER & CAREY, P.C.

s/ Gary L. Palumbo

Gary L. Palumbo, No. 6824
1660 Downing Street
Denver, Colorado  80218
(303) 830-8911

**CERTIFICATE OF E-FILING**

I HEREBY CERTIFY that on this 4th day of September, 2009, a true and accurate copy of the foregoing **DEFENDANT'S REPLY RE: MOTION TO REQUIRE COST BOND** was e-filed through the United States District Court with service by the Court to counsel below:

Jim Leventhal, ESq.
Molly L. Greenblatt, Esq.
Leventhal, Brown & Puga, P.C.
950 S. Cherry Street, Suite 600
Denver, Colorado  80246

s/Beth McGee

Beth McGee