IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01000-WYD-MEH

RICHARD MADDOX, Conservator of the Estate and Affairs of Virginia Maddox,

　　Plaintiff,

v.

STEPHEN VENEZIO,

　　Defendant.

**ORDER**

　　THIS MATTER is before the Court on Defendant's Motion to Require Cost Bond filed August 26, 2009.  A response was filed on September 1, 2009 and a reply was filed on September 4, 2009.  Defendant asserts in the motion that the court has inherent authority to require security for costs, and that courts generally follow state law in compelling out of state plaintiffs to file a cost bond, citing *Radoshevich v. Central Bank of Colorado*, 117 F.R.D. 434 (D. Colo. 1989).

　　The applicable state law in this case is Colo. Rev. Stat. §§ 13-16-101 and 102.  Those statutes provide that in cases where the plaintiff is not a resident of this state, the court may, upon motion of the defendant, require the nonresident plaintiff to post a cost bond.  In this case, Plaintiff is a nonresident from Maryland and Defendant is from Colorado.  Defendant argues that the facts and evidence heavily weigh in favor of the imposition of a cost bond.

Turning to my analysis, in 1989 Judge Finesilver, the former chief judge of this Court, found that this court "is to follow the forum state's practice regarding cost bonds" and dismissed a case because the plaintiff failed to provide the necessary cost bond. *Radoshevich*, 117 F.R.D. at 435.  Since then, however, cases from this court have recognized that it is discretionary whether to apply the Colorado statutes at issue and to apply a cost bond.  As noted by Judge Babcock:

> There is no Federal Rule of Civil Procedure requiring nonresident litigants to post cost bonds, and the United States District Court for the District of Colorado has not promulgated a local rule requiring nonresident plaintiffs to post cost bonds. Yet I agree [with defendant] that C.R.S. § 13-16-102 does not apply in federal court. *National Distillers Products Corp. v. Hindech*, 10 F.R.D. 229, (D. Colo. 1950) (the trial court is under no compulsion to look to state practice regarding cost bonds.)  Colorado's cost bond statute is procedural in nature and the policies underlying *Erie R.R. Co. v. Tompkins*, 504 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), do not militate toward applying that statute in federal court.

*Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999); *see also In Re Miller*, 2009 U.S. DIST. LEXIS 42046, at *23-25 (D. Colo. 2009); *Piallat v. Replogle*, 125 F.R.D. 165, 166 (D. Colo. 1989).

I agree with and adopt the above rationale and hold that the decision to require a cost bond is not required but is within the court's discretion.  While the decision to require a cost bond is discretionary, a cost bond may be appropriate depending on an analysis of the following factors: (1) the merits of plaintiff's claims (if plaintiff's claim are dubious); (2) the ability or willingness of plaintiff to pay any costs which may be assessed; and (3) the defendant may incur substantial costs during preparation for trial. *See Hartnett*, 47 F. Supp. 2d at 1256; *Piallat*, 125 F.R.D. at 166.

In this case, I find that Defendant has not made an adequate showing that Plaintiff's claims are without merit or that Defendant will incur substantial costs in this matter.  As to such costs, in the *Miller* case Judge Tafoya ordered a cost bond where the discovery to be produced by defendant was voluminous and expensive.  *In Re Miller*, 2009 U.S. DIST. LEXIS 42046, at *24-25.  In this case Defendant has not shown that the discovery is anything but routine.  While Defendant argues that it will have to retain experts, this does not in my opinion mean that the costs are more substantial than in other federal cases.  Many of the civil cases in this court involve the retention of experts, particularly in cases alleging negligence, as here.  Most importantly, Defendant has not shown that Plaintiff lacks the financial resources or is unwilling to pay costs in the event Defendant prevails in this matter.  Accordingly, it is

ORDERED that Defendant's Motion for Cost Bond is **DENIED**.

Dated:  December 3, 2009

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Chief United States District Judge