IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01000-WYD-MEH

RICHARD MADDOX, Conservator of the Estate and Affairs of Virginia Maddox,

    Plaintiff,

v.

STEPHEN VENEZIO,

    Defendant.

---

**ORDER ON MOTION TO AMEND SCHEDULING ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Motion to Amend Scheduling Order of August 19, 2009 [filed May 7, 2010; docket #67]. The matter is briefed and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the motion is **denied**.

    The facts relevant to this motion are undisputed. Defendant filed a timely expert report on January 15, 2010, designating Thomas Feiereisen as an accident reconstructionist in this automobile/pedestrian lawsuit. Plaintiff scheduled Feiereisen's deposition for February 11, 2010. All discovery, including expert discovery, was due on or before February 15, 2010 pursuant to the Court's Scheduling Order of August 19, 2009.

    Immediately prior to Feiereisen's deposition, Defendant submitted Feierseisen's supplemental report, which Plaintiff's counsel received the day of Feiereisen's deposition. Plaintiff's counsel raised an objection to the supplement at the commencement of the deposition. The parties telephoned me concerning the issue. I permitted submission of the supplement on the condition that Defendant pay the extra costs (including fees) to be incurred by Plaintiff in preparing for and conducting a supplemental deposition solely on the contents of the supplemental report.

Defendant elected to withdraw the supplemental report. The deposition proceeded solely on the original report. Defendant has now changed his mind and seeks leave to file the supplemental report out of time and pay whatever costs are associated with Plaintiff's supplemental discovery needs (presumably including supplemental expert information supplied by Plaintiff in response to the contents of Feiereisen's supplemental report). Defendant contends primarily that, if the Court found good cause to amend the scheduling order on February 11, 2010 (albeit with financial consequences to Defendant), the only thing that has changed since then is the mere passage of time, and because the trial does not occur until April 11, 2011, Plaintiff cannot possibly claim any prejudice.

Prior to the expiration of a scheduling order deadline, a party is required to move for extension of time supported by a statement of good cause. *See* Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker International, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001); *see also* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Here, Defendant contends that this is an issue of amending the scheduling order, requiring a showing of good cause. I see the matter a little differently. If a party discovers that it needs an extension of time *after* a deadline has expired, any extension must be supported by a statement of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Because Defendant filed his motion after the deadline for expert witness discovery expired (nearly three months after), he must also demonstrate excusable neglect for the delay. In the Tenth Circuit,

> [t]o determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown,* 105 F.3d 670, 1997 WL 8856, *1 (10th Cir. Jan. 10, 1997) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). Control over the circumstances of the delay is "the most important single ... factor ... in determining whether neglect is excusable." *Id.* (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Here, one fact is dispostive of the relief Defendant seeks. Defense counsel made a deliberate decision in withdrawing the supplemental report on February 11, 2010. Counsel weighed the utility of the information in the report against the expense of its belated disclosure and determined that the cost outweighed the benefit. In the Tenth Circuit, as in all other reported cases, a tactical decision cannot, as a matter of law, qualify as excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). *See, e.g.*, *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990); *African American Voting Rights Legal Defense Fund, Inc. v. Villa*, 54 F.3d 1345, 1350 (8th Cir. 1995) ("tactical decisions do not amount to affirmative showings of excusable neglect under Rule 6(b)") (citing cases).

Accordingly, it is hereby **ORDERED** that the Motion to Amend Scheduling Order of August 19, 2009 [filed May 7, 2010; docket #67] is **denied**.

Dated at Denver, Colorado, this 10th day of June, 2010.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge