IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01000-WYD-MEH

RICHARD MADDOX, Conservator of the Estate and Affairs of Virginia Maddox,

    Plaintiff,

v.

STEPHEN VENEZIO,

    Defendant.

---

**AMENDED ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

I.    INTRODUCTION

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment filed February 25, 2010. A response was filed on March 24, 2010, and a reply was filed on April 12, 2010. The Complaint in this case asserts claims of negligence and negligence per se arising out of a car accident. Defendant Stephen Venezio ["Venezio"] asserted the affirmative defense of comparative negligence in his Answer. Venezio now asserts that Plaintiff was negligent per se and that he is entitled to partial summary judgment on his affirmative defense of comparative negligence.

II.    FACTUAL BACKGROUND

This case originates in a car accident in which Venezio struck Virginia Maddox ["Maddox"][1] with his car on December 15, 2007 at approximately 5:15 p.m. Venezio,

---

[1] This suit is brought by Virginia Maddox's son, Richard Maddox, as conservator of her estate and affairs. Thus, I will refer to Richard Maddox as "Plaintiff". The original Order on Motion for Partial

age 17, was traveling northbound on Taft Avenue in Loveland, Colorado at the same time that Maddox was crossing Taft Avenue on foot. Tate Avenue is a four lane road with two northbound and two southbound lanes and a double yellow center line. The accident took place on Taft Avenue north of 20th Street. It appears that Maddox, age 74, who had been out walking her dog, was attempting to cross the street. There was no crosswalk in that vicinity. While the evidence supports a finding that Maddox was generally in the center of the road at the time of the collision, the parties dispute her precise position and whether she also may have been slightly in the north or southbound lane at the time of the collision.

Venezio reported to the police that at the time of the accident, his windows in the vehicle were open, some papers were flying around on the passenger seat and he reached over to push the papers onto the floor. (Def.'s Mot. for Partial Summ. J. [Def.'s Mot."], Ex. 4.) Plaintiff thus alleges that Venezio he was not looking at the road ahead of him at the time of the accident. According to the police report, Venezio stated that all of a sudden his outside rearview mirror was in his lap which alerted him that he had hit something. (*Id.*) Plaintiff alleges that as a result of the collision, Maddox suffered permanent injuries and damages, including a brain injury. (Compl., ¶ 12.)

III.    ANALYSIS

    A.    Standard of Review

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

Summary Judgment (ECF No. 81) incorrectly stated that Virginia Maddox is deceased.

there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

> B.    Whether Partial Summary Judgment is Appropriate on the Comparative Negligence Per Se Affirmative Defense

As noted previously, Venezio asks the Court for a determination that he is entitled to partial summary judgment on his affirmative defense of comparative negligence as he asserts that Maddox was negligent per se for violating a Colorado statute. As a preliminary matter, I must decide whether this affirmative defense is available to Defendant. Plaintiff argues that the defense of comparative negligence per se has been waived by Defendant because he pled only the defense of comparative negligence. Plaintiff is correct that negligence and negligence per se are distinct common law claims. *See Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002). The Colorado Supreme Court described the difference between the claims in this way:

> To establish a common-law negligence claim, the plaintiff must show that the defendant owed the plaintiff a legal duty to conform to a standard of care, the defendant breached that duty, the plaintiff suffered injury, and there is a causal relationship between the breach and the injury. . . . In contrast to

> negligence, negligence per se occurs when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. . . . To recover, the plaintiff must also demonstrate that the statute was intended to protect against the type of injury she suffered and that she is a member of the group of persons the statute was intended to protect. . . . If the statute applies to the defendant's actions, then the statute conclusively establishes the defendant's standard of care and violation of the statute is a breach of his duty.

*Id.* (internal quotations omitted).

In this instance I decline to find a waiver by Venezio. First, while the claims are distinct, I still find a significant overlap between the two claims. Second and more importantly, Plaintiff has not pointed to any prejudice that may arise from the Court's consideration of the comparative negligence affirmative defense raised in the context of whether Maddox was negligent per se.

I now turn to the merits of Venezio's argument. Venezio asserts that Maddox was negligent per se in regards to the collision, regardless of her position in the road when the collision occurred, because she violated a Colorado state statute by not yielding the right of way when she was crossing the street. The statute at issue states, "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk an intersection *shall yield the right-of-way to all vehicles upon the road.*" Colo. Rev. Stat. § 42-4-803(1) (emphasis added).

Plaintiff does not dispute that this statute meets the requirements to be the basis of a comparative negligence per se defense. Specifically, it is not disputed that the statute was intended to protect against the type of injury Maddox suffered and that Maddox is a member of the group of persons the statute was intended to protect. It is

also not disputed that if Maddox violated the statute, her actions would be a proximate cause of her injuries. However, the parties interpret the meaning of the statute differently, including under what circumstances Maddox would actually be required to yield the right-of-way under the statute. I have found no case by a Colorado court which has interpreted the statute in a way that is germane to this dispute. Thus, I turn to the parties' interpretations and which one I find to be most consistent with the statute.

Plaintiff argues that the term "right-of-way" as defined in § 42-4-803(1) must be interpreted in light of the definition of such term under another statute in the section addressing vehicles and traffic. Specifically, the term "right-of-way" is defined as "the right of one vehicle operator or pedestrian to proceed in a lawful manner in preference to another vehicle operator or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." Colo. Rev. Stat. § 42-1-102(82). Plaintiff argues from this that Maddox was required by statute to give preference, or yield, to all cars on the road *if and only if* they had a lawful right to proceed in the manner they did. Thus, he directs the Court to look at Venezio's conduct in determining whether she was negligent per se under the statute.

Plaintiff claims that Venezio may not have had a "right-of-way" in this situation depending upon the position of his car at the time of the collision. Plaintiff points to Colo. Rev. Stat. § 42-4-1001(3) which requires that "[u]pon any roadway having four or more lanes for moving traffic and providing for two-way movement of traffic, no vehicle

shall be driven to the left of the center line of the roadway.[2]  Based on this statute, Plaintiff argues that Venezio had no lawful right to go beyond the center line of the road and that if Venezio went into the opposing southbound lane when he struck Maddox, he had no right-of-way.  Under that circumstance, it is argued that Maddox could not have violated Colo. Rev. Stat.§ 42-4-803(1) by failing to yield.

Venezio interprets § 42-4-803(1) differently.  He argues that Maddox violated the statute regardless of where she was and whether he unlawfully entered the southbound lane in violation of § 42-4-1001(3).  He focuses on the portion of § 42-4-803(1) that requires pedestrians to yield to *all vehicles.*  In other words, he argues that the statute itself does not distinguish between the kinds of vehicles that pedestrians must yield to when crossing in areas other than crosswalks, but requires pedestrians to yield to each and every vehicle.  Venezio argues that even if a vehicle is breaking a law, pedestrians still violate the statute if they fail to yield to it.  Under this reading, Maddox violated the statute regardless of whether Venezio's vehicle edged across the center line and hit her because she did not give preference to his car.

I find merit to Plaintiff's argument that the statute at issue, Colo. Rev. Stat. § 42-4-803(1), should be interpreted in light of the definition of "right-of-way" in § 42-1-102(82).  However, I do not agree with Plaintiff's argument about what this means as to the issue of whether Maddox was negligence per se for purposes of the comparative negligence affirmative defense.  Replacing the term "right of way" in § 42-4-803(1) with the pertinent part of the definition of that term in § 42-1-102(82), I find that § 42-4-803(1)

---

[2] The statute also provides various exceptions, none of which are relevant here.

requires that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk an intersection shall yield ["the right to proceed in a lawful manner" to cross the road] in preference to all vehicles on the road." Under this interpretation, Maddox's right to lawfully cross the road had to yield in preference to all vehicles on the road, regardless of her position or the vehicles' positions on the road or the manner in which the vehicles were proceeding, since she did not use a crosswalk. Since Maddox was on the road in a position other than a crosswalk and did not yield the right of way to Venezio's vehicle, I find she is negligent per se for violating the statute. Accordingly, I find that Venezio's Motion for Partial Summary Judgment should be granted as to the comparative negligence affirmative defense. I do not, however, determine the extent or degree of her comparative negligence, as this is a jury issue.

My findings on this issue do not in any way impact the issue of whether Venezio was also negligent. As to that issue, I find that the issue of Venezio's conduct and whether he was acting negligently is not governed by Colo. Rev. Stat. § 42-4-803(1) but by general negligence principles. The jury will have to address whether Venezio was negligent and, if so, will be required to apportion the fault between the two parties. *See Union Pacific R. Co. v. Martin*, 209 P.3d 185, 187 (Colo. 2009) ("in 1975 the General Assembly expressly abrogated the harsh doctrine of contributory negligence and replaced it with a comparative negligence approach, mandating that damage awards for negligence resulting in death or injury merely be diminished (rather than barred

altogether) in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made").

IV. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Partial Summary Judgment is **GRANTED** as to the comparative negligence affirmative defense. Virginia Maddox was negligent per se because she violated Colo. Rev. Stat. § 42-4-803(1). The degree of Maddox's negligence per se will, however, be for the jury to decide when it apportions fault.

Dated this 2nd day of September, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge