IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01000-WYD-MEH

RICHARD MADDOX, Conservator of the Estate and Affairs of Virginia Maddox,

    Plaintiff,

v.

STEPHEN VENEZIO,

    Defendant.

---

**ORDER**

---

THIS MATTER came before the Court on a hearing on March 3, 2011, on two pending motions.  Specifically, on February 16, 2011, Plaintiff filed an Unopposed Motion for Relief to Call Ms. Virginia Maddox's Treating Physicians and Care Providers From Baltimore, Maryland via Video Conference During the Trial Scheduled for April 18, 2011.  On February 17, 2011, Defendant filed a Motion for Stay of Proceedings.  I first grant Plaintiff's Unopposed Motion for Relief to Call Ms. Virginia Maddox's Treating Physicians and Care Providers From Baltimore, Maryland via Video Conference During the Trial Scheduled for April 18, 2011.

I now turn to Defendant's motion to stay.  It asks for a stay of the proceedings, including the trial currently set in April 2011, based on the fact that Defendant was ordered to initial active duty for the Army National Guard under 10 U.S.C. § 12301 from March 28, 2011 to approximately September 12, 2011.  I find that the motion should be

granted. The Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, was signed into law on December 19, 2003. One of the purposes of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." *Id.* Pursuant to § 522(b) of the Act, "the court . . . shall, upon application by the servicemember, stay the action for a period not less than 90 days, if the conditions in paragraph (2) are met." A stay under the statute is mandatory if the statutory conditions are satisfied. *Id.*; *see also Pandolfo v. Labach,* 727 F. Supp. 2d 1172, 1175 (D.N.M. 2010).

I find that the conditions of § 522(b)(2) are met and that the Motion for Stay of Proceedings should be granted. The proceedings are stayed from March 28, 2011, until September 12, 2011. However, during the pendency of the stay the parties must comply with the deadlines for submission of trial materials as set out in my Practice Standards.

Finally, Plaintiff's counsel addressed at the hearing a motion that he wished to file pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) . That motion shall be filed by Friday, March 11, 2011. A response shall be filed by Friday, March 18, 2011. No reply shall be filed.

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Stay of Proceedings is **GRANTED**. The case is **STAYED** from March 28, 2011, to September 12, 2011. It is

FURTHER ORDERED that the Final Trial Preparation Conference set for April 4, 2011, and the ten-day jury trial set to commence on Monday, April 18, 2011 are **VACATED**.  The Final Trial Preparation Conference is reset to **Monday, September 19, 2011, at 9:00 a.m.**  The ten-day jury trial is reset to commence on **Monday, November 7, 2011**.  It is

FURTHER ORDERED that Plaintiff's Unopposed Motion for Relief to Call Ms. Virginia Maddox's Treating Physicians and Care Providers From Baltimore, Maryland via Video Conference During the Trial Scheduled for April 18, 2011 (ECF No. 84 filed February 16, 2011) is **GRANTED**.  Consistent therewith, it is

ORDERED that witnesses Helen Barcroft, Sarah Turner, Mark Simentelli, Wendy Webb, Kathleen York-Jordan, Ruwani Gunawardane, Joseph Jamaris, Mohit Negi, Maxine Dimik, Jennifer Rytel, Ralph Camardo, Janika Hall, Jenn Wise, LaKia Mason, and Carl Lenzenweger will be allowed to appear at trial via video conference.  Finally, it is

ORDERED that Plaintiff's *Daubert* motion shall be filed by **Friday, March 11, 2011**.  Defendant shall file a response by **Friday, March 18, 2011**.  No reply shall be filed.

Dated this 4th day of March, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE